UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


JEMARO CRAIG,

      Plaintiff,

                                      Civil No. 06-12730
                                      Hon. John Feikens

      v.


FEDERAL EXPRESS CORPORATION,

      Defendant.

_____/


**OPINION AND ORDER**

Jemaro Craig ("Craig") brought this suit against his former employer Federal Express

Corporation ("FedEx") after FedEx terminated his employment.  He alleges race discrimination

in violation of Title VII of the Civil Rights Act of 1964 ("Title VII")[1] and the Michigan Elliot-

Larsen Civil Rights Act (the "ELCRA")[2] and retaliatory discharge in violation of the ELCRA.

FedEx has moved for summary judgment on all claims. For the reasons set forth below, I

GRANT FedEx's motion for summary judgment.

**FACTUAL AND PROCEDURAL BACKGROUND**

FedEx hired Craig, an African-American male, as a courier in December of 2000.  FedEx

_____

[1]42 U.S.C. § 2000e *et seq.*

[2]M.C.L.A. § 37.2101

has a policy that the receipt of three written disciplinary notices in a twelve-month period is grounds for termination. Employees may also receive non-disciplinary written or oral counseling known as Online Documented Compliment/Counseling ("OLCC"). These notices are placed in  employees' files but do not affect their employment status.

On June 16, 2005, Craig received a written disciplinary notice that was not given because of his race or in retaliation for a protected activity. On September 27, 2005, Operations Manager George Fortis ("Fortis") spoke to Craig about Craig's performance during the morning package sort. Fortis presented Craig with an OLCC documenting their conversation. On September 28, 2005, Craig filed an internal Equal Employment Opportunity ("EEO") complaint alleging that Fortis had discriminated against him on the basis of race because he was the only African-American working the morning sort and the only courier Fortais talked to about missing packages. Craig's complaint was investigated by FedEx management and it was concluded that Fortis's decision to talk to Craig had not been based on race.

On October 20, 2005, Craig laughed while Fortis was speaking during a meeting. Fortis informed Craig that he felt Craig's behavior was disruptive and unprofessional and issued him an OLCC. The next day, Fortis issued OLCCs to three white employees who Fortis felt disrupted that morning's meeting. A short time later, Senior Manager Scott Clymer ("Clymer") met with the four employees who had received OLCCs from Fortis and told them that their OLCCs would be rescinded because Fortis had not advised the employees that he would be giving OLCCs to employees who disrupted meetings.

On December 16, 2005, Operations Manager Jeff Rickabaugh ("Rickabaugh") issued Craig an OLCC for working over eleven hours in a twelve-hour period in violation of United

States Department of Transportation regulations. December 20, 2005, Craig was given a written disciplinary notice for violating district policy by entering a residential driveway without prior management approval.

On February 8, 2006, Fortis approached Craig about some employee performance issues. During the course of their conversation, Craig lost his composure. He struck himself in the head repeatedly, hit his fists on a nearby poll, dropped to the ground and curled up in a ball, and shouted, "Why am I so stupid? Why can't I do anything right?"[3] Craig was not given a disciplinary letter for his conduct and subsequently took a leave of absence.

When he returned from his leave of absence in April of 2006, Craig was assigned to a new route. He struggled with his new assignment and on April 27, 2006 Manager Scott Clymer ("Clymer") met with Craig to provide him with documented counseling regarding his job performance. During this meeting, Craig again lost his composure and began screaming and crying. He also made statements during this episode that made Clymer worry about Craig's safety.[4] "If I'm that horrible of a person and I'm lying...I don't deserve to live, I should go home and kill myself."[5] Clymer called Rickabaugh and the Novi Police to assist with the situation. Craig attempted to leave the premises in his truck but was prevented from doing so by Rickabaugh who reported that Craig made menacing gestures to him.

Following this incident, Craig took another leave of absence. When he returned on June

---

[3]Craig Deposition pg. 146-48 (or 52-54 of 99).

[4]Clymer Declaration ¶ 14.

[5]Craig Deposition pg. 199 (or 73 of 99).

19, 2006, he was presented with a written disciplinary letter, his third in a twelve-month period,[6] and fired. Craig brought suit against FedEx in state court alleging race discrimination in violation of Title VII and the ELCRA and retaliation in violation of the ELRCA. FedEx removed this matter to federal court and has brought the motion for summary judgment that is currently before me.

## ANALYSIS

### I. Summary Judgment

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56 (c). A fact is material if it might affect the outcome of the suit under the governing law. See Anderson v. Liberty Lobby Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). To show the existence of a genuine issue, the nonmoving party must have more than a scintilla of evidence to support its position; there must be sufficient evidence that a jury could reasonably find for the nonmoving party. See Id. at 252. In determining whether there is a genuine issue of material fact, the court must view the evidence and the inferences that can be reasonably drawn from it in the light most favorable to the non-moving party. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

---

[6]Under FedEx policy, leaves of absence are not counted toward the twelve-month period during which written disciplinary notifications are considered active. Because of Craig's two leaves of absence, his disciplinary letter from June 16, 2005 was still active when he received his third letter on June 19, 2006.

**II. Race Discrimination in Violation of Title VII and the ELCRA**

To prove race discrimination under Title VII and the ELCRA,[7] a plaintiff must present either direct evidence of discrimination or introduce circumstantial evidence that would allow an inference of discriminatory treatment.  Johnson v. Kroger Co., 319 F.3d 858, 864-65 (6th Cir. 2003).  "Direct evidence is that evidence that, if believed, requires the conclusion that unlawful discrimination was at least a motivating factor in the employment action." Id. at 865 (citing Jacklyn v. Schering-Plough Healthcare Prods. Sales Corp., 176 F.3d 921, 926 (6th Cir. 1999)). "Direct evidence of discrimination does not require a fact finder to draw any inference in order to conclude that the challenged employment action was motivated at least in part by prejudice against members of the protected group."  Id. (citing Nguyen v. City of Cleveland, 229 F.3d 559, 563 (6th Cir. 2000)).

To establish a prima facie case of discrimination with circumstantial evidence, "a plaintiff must show that (1) he is a member of a protected class; (2) he was qualified for his job and performed it satisfactorily; (3) despite his qualifications and performance, he suffered an adverse employment action; and (4) that he was replaced by a person outside the protected class or was treated less favorably than a similarly situated individual outside of his protected class." Johnson v. Univ. of Cincinnati, 215 F.3d 561, 572-73 (6th Cir. 2000); see McDonnell Douglas Corp., v. Green, 411 U.S. 792, 802, 36 L.Ed. 2d 668, 93 S. Ct. 1871 (1973).

If the plaintiff establishes a prima facie case, he creates a rebuttable presumption of discrimination. See Id. at 573.  Then, the burden shifts to the defendant to show a "legitimate,

---

[7]"Cases brought pursuant to the ELCRA are analyzed under the same evidentiary framework used in Title VII cases." Humenny v. Genex Corp., 390 F.3d 901, 906 (6th Cir. 2004) (Citation omitted).

nondiscriminatory reason" for committing the challenged action. Id. If the defendant satisfies

this burden, the plaintiff must then prove that the defendant's reason is actually a pretext to cover

up unlawful discrimination. See Id. A plaintiff may show that a defendant's stated reason for the

adverse employment action is a pretext by establishing that (1) the stated reasons had no basis in

fact; (2) the stated reasons were not the actual reasons; and (3) the stated reasons were

insufficient to explain the defendant's action. Id. (citation omitted).

In the case at hand, Craig has not provided any direct evidence of discrimination, basing

his case instead on circumstantial evidence. There is no dispute that Craig has established two

elements of a prima facie discrimination case. First, he is a member of a protected class, and

second, he suffered an adverse employment action. Craig relies on his deposition testimony to

establish that he performed his job satisfactorily and that he was treated differently than similarly

situated individuals outside of his protected class. Taken in the light most favorable to Craig, I

believe that this evidence establishes a prima facie case of discrimination.

The burden is, thus, shifted to FedEx to provide a legitimate, nondiscriminatory reason

for firing Craig. To meet this burden, FedEx has provided evidence showing that Craig was

issued his third disciplinary notice because he threatened to harm himself, verbally accosted and

made threatening remarks to Rickabaugh, and disrupted the a.m. package sort.[8] He was then

fired because he had received three written disciplinary notices within a twelve month period. I

find FedEx's reasons for issuing a disciplinary letter to Craig and firing him to be legitimate and

nondiscriminatory.

The burden of proof, then, shifts back to Craig to show that FedEx's reasons for issuing

---

[8]Clymer Declaration ¶ 19.

6

him a disciplinary letter and firing him are pretexts for unlawful discrimination. Craig has

provided no evidence that FedEx's reasons have no basis in fact, are not the real reasons, or are

insufficient to explain FedEx's actions. I, therefore, find that Craig has not presented sufficient

evidence to create a genuine issue of material fact and GRANT FedEx's motion for summary

judgment on Craig's race discrimination claims under Title VII and the ELCRA.

### III. ELCRA Retaliatory Discharge

Craig also relies on circumstantial evidence to prove his claim for retaliatory discharge

under the ELCRA.  In order to establish a prima facie case of retaliation under the ELCRA, a

plaintiff must show: "(1) that the plaintiff engaged in a protected activity; (2) that the defendant

had knowledge of the plaintiff's protected conduct; (3) that the defendant took an adverse

employment action towards the plaintiff; and (4) that there was a causal connection between the

protected activity and the adverse employment action." Weigel v. Baptist Hosp. of East

Tennessee, 302 F.3d 367, 381 (6th Cir. 2002); Meyer v. City of Center Line, 242 Mich.App. 560,

568-69 (2000).  To prove causation, a plaintiff must show that his participation in a protected

activity was a significant factor in his employer's decision to take an adverse employment action

against him; simply showing that there is a causal link between the two events is not enough. In

Re Rodriguez, 487 F.3d 1001, 1011 (6th Cir. 2007) (citing Barrett v. Kirtland Cmty. Coll., 245

Mich.App 306, 315 (2001)).

If the plaintiff is able to establish a prima facie case of retaliation, the burden shifts to the

defendant to produce evidence that a nondiscriminatory reason existed for the adverse

employment action.  Canitia v. Yellow Freight Sys., Inc., 903 F.2d 1064, 1066 (6th Cir. 1990)

(citing McDonald Douglas Corp., 411 U.S. at 802)). If the defendant is able to demonstrate a

nondiscriminatory reason, the plaintiff is then afforded the opportunity to show that the reason

offered by the defendant is a pretext for discrimination. Id.

Craig has clearly established that he engaged in a protected activity when he filed an

internal EEO complaint against Fortis. It is also undisputed that FedEx took adverse

employment actions against Craig when FedEx employees issued him a third written disciplinary

notice and fired him. There is no evidence, however, that the OLCCs that Craig received after

filing his EEO complaint constituted adverse employment actions. There is some dispute

concerning whether Fortis and Clymer knew about Craig's EEO complaint at the time that they

issued his final written disciplinary notice and fired him. On this point, we will give Craig the

benefit of the doubt and assume that he could establish the second element of a prima facie claim

of retaliatory discharge.

I find, however, that Craig has presented insufficient evidence that the filing of his EEO

complaint was a significant factor in the decisions to issue him a written disciplinary notice and

terminate his employment. The temporal proximity between the incidents - Craig filed his EEO

complaint on September 28, 2005 and was issued a disciplinary letter and fired on June 19, 2006

- is much too attenuated to prove causation without additional evidence.

Even if Craig were able to establish a prima facie case of retaliation, FedEx has provided

legitimate, nondiscriminatory reasons for issuing Craig his third disciplinary letter and firing

him.

Craig has not provided sufficient evidence to show that these reasons are pretexts for retaliation.

I, therefore, find that FedEx is entitled to summary judgment on Craig's ELCRA retaliation

claim.

8

## CONCLUSION

Because Craig has not provided sufficient evidence to establish a prima facie case of retaliation and because he has failed to show that FedEx's reasons for issuing him a disciplinary letter and firing him are pretexts for discrimination or retaliation, I GRANT FedEx's motion for summary judgment on all counts.

**IT IS SO ORDERED.**

Date:     October 9, 2007                    s/John Feikens
                                             United States District Judge

<div style="border:1px solid black">

Proof of Service

I hereby certify that the foregoing order was served on the attorneys/parties of record on October 9,2007, by U.S. first class mail or electronic means.

                              s/Carol Cohron
                              Case Manager

</div>